IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY G VAN HAECKE,<br><br>        PLAINTIFF,<br><br>VS.<br><br>MACHOL & JOHANNES, LLC,<br><br>        DEFENDANT. | Civil Action No.<br><br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff,  Timothy G. Van Haecke ("Plaintiff" or "Van Haecke") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, Machol & Johannes, LLC (hereinafter "Defendant" or "Machol & Johannes"), alleges as follows:

## I.      INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.    PARTIES

3.    Plaintiff, Tim G. Van Haecke is a natural person residing in Urbandale, Iowa.

4.    Defendant, Machol & Johannes, is a business engaged in the collection of debts owed to another in the State of Iowa.

5.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7.   At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to NCO Financial Systems, Inc., which was used for personal, family, or household use.

8.   Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9.   Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about September 08, 2003, the Plaintiff entered into a stipulated judgment agreement with the Defendant, who were representing NCO Financial (County Court, El Paso County, Colorado, Case No. EC005970). The agreement set forth in part that the Plaintiff would agree to make monthly payments in the amount of $100.00 until the balance of $12,423.68 was paid in full. The parties agreed that if the Plaintiff made payments without default, no interest would accrue on the balance. However, should the Plaintiff default on the $100.00 monthly payments, the Defendant may have the judgment formally entered, and 9% interest would accrue per year from the date on the stipulation.

11. The Plaintiff began making $100.00 monthly installment payments to the Defendant on September 30, 2003.

12. Between September 2003 and July 21, 2009, the Plaintiff made payments to the Defendant which totaled $7,200.00.

13. Between September 2003 and July 2009, the Defendant periodically allowed the Plaintiff to "skip" a monthly payment. The Defendant then allowed the Plaintiff to make a double payment of $200.00 the subsequent month after a payment had been skipped. Double payments occurred on at least six occasions prior to July 24, 2009.

14. On or about July 22, 2009, the Plaintiff received a call from a male representative of the Defendant. The representative advised the Plaintiff that he was behind one

payment in the amount of $100.00 and advised the Plaintiff that default motions were filed with the court at the end of the month and that the Plaintiff had a few days to get the payment in.

15. On July 24, 2009, two days after speaking with Defendant's representative, the Plaintiff made a payment to the Defendant in the amount of $100.00.

16. Unbeknownst to the Plaintiff, the Defendant filed a motion of default with respect to the stipulation entered into on September 08, 2003. On July 27, 2009, the Court entered an Order finding Mr. Van Haecke had defaulted on the stipulation and that interest at 9 percent would accrue from September 08, 2003.

17. The Plaintiff at no point in time received a notice to cure default from the Defendant.

18. The Plaintiff continued to make monthly payments to the Defendant. Between July 24, 2009 and July 08, 2011, the Plaintiff made payments the Defendant which totaled $2,830.00.

19. Between September 30, 2003 and July 08, 2011, the Plaintiff made payments to the Defendant which totaled $10,030.00.

20. Sometime during July 2011, the Plaintiff contacted the Defendant to inquire as to the balance owed. The Plaintiff spoke with Defendant's representative Ernest Martinez who represented that the Plaintiff's balance was a little over $10,000.00. The Plaintiff explained that he could not understand the balance as he had been making faithful payments since 2003 and understood the balance to be less than $2,000.00. Ernest stated that default had been entered in July, 2009. The Plaintiff requested a payment history. The Plaintiff stated that he remembered the call in July, 2009 with regard to the default and made payment within two days of the communication. The representative refused to take the account out of default.

21. The Plaintiff received correspondence and payment history dated August 01, 2011 from the Defendant and was signed by Ernest Martinez. The correspondence identified a settlement amount of $11,233.22; an amount paid toward settlement of $2,950.00; and a balance remaining of settlement of $8,283.22. The payment history spreadsheet identified a balance, including interest, of $10,420.80.

22. Notwithstanding the Defendant's failure to properly notify the Plaintiff of the right to cure; had the Defendant's motion of default of stipulation of payment been

properly entered, the Defendant's representation of the balance as of August 01, 2011 is a misrepresentation of the character, amount and legal status of the debt.

23. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, stress, fear, loss of sleep and anxiety.

## V.     FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23.

25. The Fair Debt Collection Practices Act measures a debt collector's behavior according to an objective "least sophisticated debtor" standard which "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking, and the credulous." Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993).

26. Machol & Johannes, LLC, and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a.  The Defendant violated 15 U.S.C. § 1692e(2)(a) through the false representation of the character, amount, or legal status of a debt.

    b.  The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

    c.  The Defendant violated 15 U.S.C. § 1692f(1) through the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

28. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

29. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

30. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23.

31. Machol & Johannes, LLC, and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a.  The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(2)(a); and 1692f.

    b.  The Defendant violated Iowa Code § 537.7103(4)(e) through a misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

    c.  The Defendant violated Iowa Code § 537.7103(5)(d) through the collection of or the attempt to collect interest or other charge, fee or expense incidental to the principal obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation and is legally chargeable to the debtor, or is otherwise legally chargeable.

32. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

33. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

34. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF